IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Montu Hotep Tum-Re,

              Plaintiff,

      v.

John Stankey, *et al.*,

              Defendants.

Case No. 3:25-cv-1314

MEMORANDUM OPINION
AND ORDER

## I.     INTRODUCTION

*Pro se* Plaintiff Montu Hotep Tum-Re filed this action against AT&T's Chief Executive

Officer, John Stankey, and Chief Financial Officer, Pascal Desroches, relating to the company's

termination of his phone and internet services.  (Doc. No. 1.)  Plaintiff also filed a motion to

proceed *in forma pauperis*, (Doc. 2), which is granted.  For the following reasons, I dismiss Plaintiff's

complaint.

## II.     BACKGROUND

Plaintiff's complaint is very difficult to decipher, but it appears that he is challenging

AT&T's termination of his phone and internet services due to his failure to pay for those services.

(Doc. No. 1 at 5).  He alleges that he has been "sending personal checks" to AT&T after receiving

its statements, but AT&T is "cashing" his checks "while also redeeming coupon[s]" that are

"attached" to the statements.  (*Id.* at 2.)  Plaintiff claims that this practice is "double dipping" and

"Trust Fraud," as AT&T is "Trustee" of a "Trust action" of which he is a "beneficiary."  (*Id.*)  He

demands that it restore his services "immediately" and, as the "trustee," "accept [his] signed

coupons as [his] offer of tender of payment in full satisfaction without prejudice from my Trust directly." (*Id.* at 2-4.)  The remainder of the complaint is a confusing discourse on his rights under various legal frameworks, such as the Constitution, the Uniform Commercial Code, and international commercial law.  (*Id.*)

Plaintiff identifies one "Legal Claim," stated as:

TODAY, there are no common law actions.  There are no common law courts[,] judges acting in common law courts.  There are no ARTICLE III JUDGES acting under [C]hristian common law.  There are no common law citizens.  There are no common law corporations.  There are no common law governments.

(*Id.* at 4.)

## III.    ANALYSIS

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), district courts are required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *See, e.g., Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194 (6th Cir. 1996).  A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  In addition, district courts may dismiss, *sua sponte*, any complaint for lack of subject matter jurisdiction if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."  *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999) (per curiam) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

Plaintiff's complaint is subject to dismissal because it is, frankly, frivolous.  It does not set forth coherent allegations as to specific wrongful conduct of the named Defendants or assert any

2

intelligible legal claim against them.  Moreover, Plaintiff's theory that AT&T is now the trustee of a trust created in Plaintiff's favor because he provided them with his Social Security Number, (Doc. No. 1 at 2), is "totally implausible." *Apple*, 183 F.3d at 479.

## IV.    CONCLUSION

For the reasons stated above, I grant Plaintiff's motion to proceed *in forma pauperis*, (Doc. No. 2), and I dismiss Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e).  (Doc. No. 1).  Further, I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


So Ordered.

 s/ Jeffrey J. Helmick
United States District Judge

3